IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLYDE ERNEST HARPER, | |
| Plaintiff, | 8:24CV106 |
| vs. | |
| STATE OF NEBRASKA, and STATE OF IOWA, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff Clyde Ernest Harper's signed Motion for Leave to Proceed in Forma Pauperis ("IFP") filed on May 3, 2024.[1] Filing No. 12. As stated in the Prison Litigation Reform Act ("PLRA"), a prisoner cannot

> bring a civil action . . . or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The Court has previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Harper v. State of Nebraska*, No. 8:17-cv-00058-RGK-PRSE (D. Neb.) (Filing No. 11, identifying five civil actions brought by Plaintiff that were dismissed as frivolous or for failure to state a claim). Previous cases brought by Plaintiff that were dismissed include: *Harper v. Douglas County Correctional Center*, No. 8:02-cv-00320-TMS-PRSE (D. Neb.) (Filing No. 21, dismissed for failure to

---

[1] Plaintiff previously filed an unsigned IFP motion, Filing No. 2, and the Court directed him to correct the deficiency by filing a signed IFP motion, Filing No. 11. Because Plaintiff has filed a signed copy of his IFP motion, the unsigned motion will be denied as moot.

state a claim upon which relief may be granted on January 28, 2003); *Harper v. Douglas County Correctional Center*, No. 8:02-cv-00285-TMS-PRSE (D. Neb.) (Filing No. 23, dismissed for failure to state a claim upon which relief may be granted on July 1, 2003); *Harper v. Douglas County, et al.*, No. 8:02-cv-00287-JFB-PRSE (D. Neb.) (Filing No. 39, dismissed for failure to state a claim upon which relief may be granted on July 22, 2003); *Harper v. Calkins*, No. 8:04-cv-00536-LSC-PRSE (D. Neb.) (Filing No. 4, dismissed for failure to state a claim upon which relief may be granted on October 25, 2004); *Harper v. Coffy, et al.*, No. 4:15-cv-03033-JMG-PRSE (D. Neb.) (Filing No. 9, dismissed for failure to state a claim upon which relief may be granted on July 20, 2015).

In light of the foregoing, the Court will give Plaintiff 30 days in which to show cause why this case should not be dismissed pursuant to the provisions of 28 U.S.C. §1915(g). Alternatively, Plaintiff may pay the Court's $405.00 filing and administrative fees within 30 days. In the absence of good cause shown, or the payment of the necessary fees, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. Plaintiff has 30 days from the date of this Memorandum and Order to either show cause why this case should not be dismissed pursuant to 28 U.S.C. §1915(g) or pay the Court's $405.00 filing and administrative fees. In the absence of either action by Plaintiff, this matter will be dismissed without further notice.

2. The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **June 20, 2024**: deadline for Plaintiff to show cause or pay fees.


3.  Plaintiff's unsigned IFP motion, Filing No. 2, is denied as moot.

Dated this 21st day of May, 2024.

BY THE COURT:

*[signature: Joseph F. Bataillon]*

Joseph F. Bataillon
Senior United States District Judge