IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLYDE ERNEST HARPER, | |
| Plaintiff, | 8:24CV106 |
| vs. | |
| STATE OF NEBRASKA, and STATE OF IOWA, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff Clyde Ernest Harper's Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 12. On May 21, 2024, the Court required Plaintiff to show cause why he is entitled to proceed IFP in this action. Filing No. 13. The Court has previously determined that three or more federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Harper v. State of Nebraska*, No. 8:17-cv-00058-RGK-PRSE (D. Neb.) (Filing No. 11, identifying five civil actions brought by Plaintiff that were dismissed as frivolous or for failure to state a claim). The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff did not file a response in this Court, but rather submitted correspondence (hereinafter the "Letter") to the Eighth Circuit Court of Appeals on June 17, 2024, which the Circuit Court forwarded to this Court. Filing No. 14. In his Letter, Plaintiff reiterates allegations from his Complaint regarding his alleged wrongful conviction, and he complains that he is unable to access funds in his inmate account that the Nebraska

Department of Corrections is holding for "Gate Pay." *Id*. at 1–3. Plaintiff attached to his Letter an Inmate Interview Request dated May 31, 2024, in which he asks prison staff for assistance in getting money from his frozen account to pay a court filing fee because he "did it wrong." *Id*. at 5. Staff responded stating, "[At] this time, you only have 2.12 on your books. Mr. Harper, you can only get your 5% release savings at CCCO. If you are serving life you can ask this question to the [illegible] office." *Id*. Thus, while it appears Plaintiff has unsuccessfully tried to pay the filing fee in this case, no payment has been received to date. Moreover, the Court concludes, upon careful review, that nothing in Plaintiff's Letter is responsive to the Court's order to show cause why Plaintiff is entitled to proceed IFP in this case.

The Court also has considered Plaintiff's Complaint, Filing No. 1, and his other filings, Filing No. 10, and finds his allegations do not support a finding that Plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff sues the States of Nebraska and Iowa for damages under 42 U.S.C. § 1983 and generally alleges that he has been wrongfully imprisoned since 1999. Nothing in Plaintiff's pleadings suggest he faces the requisite imminent physical harm under § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."). In any case, Plaintiff's claims challenging his allegedly wrongful conviction are not cognizable under § 1983 and must be brought, instead, in a petition

2

for a writ of habeas corpus under 28 U.S.C. § 2254.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Accordingly,

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 12, is denied.

2. Plaintiff's pending motion, Filing No. 10, is denied as moot.

3. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

4. Any notice of appeal filed by Plaintiff must be accompanied by the $605.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

Dated this 28th day of February, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge